IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEJAN DAVID ETEMAD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-668-L |
| ) | |
| STEPHEN JONES, ) | |
|     Defendant. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint pursuant to 42 U.S.C. § 1985 and RICO, 18 U.S.C. § 1962.

Petitioner claims Defendant Stephen Jones conspired with Plaintiff's ex-wife to deprive him of his property. Petitioner states his ex-wife obtained the residence at 5528 Laysan Court, Dallas, Texas ("residence") in a fraudulent divorce decree and that his ex-wife then transferred the property to Defendant. Plaintiff seeks and order that Defendant be evicted from the residence, that title to the residence be returned to Plaintiff and that Plaintiff be awarded $500,000 in damages.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may


be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff and his ex-wife were divorced on September 27, 2011. *Etemad v. Etemad*, (No. DF-11-13300, 254th Jud. Dist. Ct., Dallas County, Tex.). In the divorce decree, Plaintiff's ex-wife was awarded the residence at 5528 Laysan Court as her separate property. On December 11, 2012, Plaintiff challenged the final divorce decree. *Etemad v. Etemad*, (No. DF-12-22187, 254th Jud. Dist. Ct., Dallas County, Tex.). On September 20, 2013, the court affirmed the divorce decree.

In this complaint, Plaintiff argues the divorce decree "illegally" declared the residence to be his ex-wife's separate property. The Court lacks jurisdiction to consider Plaintiff's claims. Under the *Rooker-Feldman* doctrine, federal courts do not have subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280,

284 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

In this case, although Plaintiff alleges Defendant Jones violated his civil rights and RICO, he is actually challenging the divorce decree's award of the residence to his ex-wife. A federal review of these previously litigated claims would be an impermissible collateral attack on the state court judgment. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that *Rooker-Feldman* prohibits collateral attack on state court judgments, and that [c]onstitutional questions arising in state proceedings are to be resolved by the state courts."). Plaintiff's complaint should therefore be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Signed this 27th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).