IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BEJAN DAVID ETEMAD,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-668-L** |
| | § | |
| **STEPHEN JONES,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the court is Plaintiff Bejan David Etemad's ("Plaintiff") *pro se* Complaint, filed February 20, 2014.[*] This case was referred to Magistrate Judge Paul D. Stickney on the same day. The magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on February 27, 2014, recommending that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. Plaintiff filed an objection on March 10, 2014.

The magistrate judge explained that Plaintiff and his ex-wife were divorced in September 2011. In the divorce decree, Plaintiff's ex-wife was awarded the residence at 5528 Layson Court. Plaintiff challenged the final divorce decree; however, it was affirmed by a state court in September 2013. According to Plaintiff, his ex-wife transferred the property to Defendant. Plaintiff now contends that Defendant conspired with his ex-wife to deprive him of his property.

The magistrate judge further explained that while Plaintiff alleges Defendant violated his civil rights and RICO, he is actually challenging the divorce decree's award of the residence to his ex-wife. Plaintiff cannot obtain a review of state court action by filing a complaint about that action

---

[*] Plaintiff is proceeding *in forma pauperis*.

Order - Page 1

in federal court in the form of a civil rights suit. *See Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986). Further, under the *Rooker-Feldman* doctrine, this court does not have subject matter jurisdiction in cases brought by a party that loses in state court, such as Plaintiff, who complains of injuries caused by the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Therefore, this court does not have jurisdiction to hear Plaintiff's Complaint.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the facts and conclusions are correct and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objection and **dismisses with prejudice** Plaintiff's Complaint. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 12th day of June, 2014.

_____
Sam A. Lindsay
United States District Judge